JOHN FRANKOVICH (NSBN 667)
MIRANDA DU (NSBN 5288)
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89505-2670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
E-Mail: jfrankovich@mcdonaldcarano.com,
mdu@mcdonaldcarano.com

CEDRIC C. CHAO (CA SBN 76045)
WILLIAM L. STERN (CA SBN 96105)
JAMES M. SCHURZ (CA SBN 145874)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-Mail: cchao@mofo.com, wstern@mofo.com,
Jschurz@mofo.com

*Attorneys for Plaintiff QUIXTAR INC.*

Kirk B. Lenhard, Nevada Bar No. 1437
John P. Desmond, Nevada Bar No. 5618
Adam K. Bult, Nevada Bar No. 9332
JONES VARGAS
100 West Liberty Street
12th Floor, P.O. Box 281
Reno, Nevada 89504-0281
(775) 786-5000 - Office
(775) 786-1177 - Facsimile
E-Mail: kbl@jonesvargas.com,
jpd@jonesvargas.com; abult@jonesvargas.com

Sharon M. Woods (P22542)
(Admitted *Pro Hac Vice*)
Morley Witus (P30895)
(Admitted *Pro Hac Vice*)
Daniel J. LaCombe (P38602)
(Admitted *Pro Hac Vice*)
BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
Telephone: (313) 965-9725
Facsimile: (313) 965-2493
E-Mail: swoods@bsdd.com, mwitus@bsdd.com
dlacombe@bsdd.com

*Attorneys for Defendant Signature TEAM, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUIXTAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE MANAGEMENT TEAM, LLC, d/b/a TEAM,<br><br>Defendant, | Case No. 3:07-cv-00505<br><br>**SECOND AMENDED PROTECTIVE ORDER** |

IT IS HEREBY ORDERED, all documents and information produced in this case are subject to the following protections:

**I.   SCOPE:**

A.   This Protective Order shall apply to all information, documents and things within the scope of discovery of this action that are in the custody or possession of the

Parties which is properly designated as "Confidential Material" pursuant to the following provisions by the Party producing the information including, but not limited to, documents and things responsive to requests for production of documents, responses to written interrogatories, responses to requests for admission, testimony adduced at depositions, and hearing or trial transcripts.

The Parties shall label or mark documents and things that constitute or contain Confidential Material with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL". Documents and things that constitute or contain Confidential Material shall be labeled or marked with the appropriate legend when the document or thing is produced to the Party or Parties seeking discovery. The designations of "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" by a Party constitutes the representation of the Party that it reasonably and in good faith believes that the designated material constitutes or discloses one of the following:

    a) Files of specific Amway and Quixtar "dispute resolution" cases including formal and informal conciliation and arbitration;

    b) Sensitive personal, business or commercial information that is not publicly available;

    c) Information received by a Party from a third party subject to a protective order or under a bona fide obligation of confidentiality; and

    d) Trade secrets, know-how, proprietary data or commercial information (including, but not limited to, customer and supplier lists, and pricing information) within the meaning of Rule 26(c)(1)(G) that has previously been maintained in confidence, or, if newly created, will be maintained in confidence.

Documents and things produced without a legend designating the material confidential shall not be Confidential Material subject to this Protective Order unless agreed by all Parties or ordered by this Court, or otherwise designated confidential in accordance

with the provisions of Paragraph A of this Protective Order. Confidential Material does not include information, documents, or things obtained in this action that are (a) in the receiving party's possession or (b) publicly available. Furthermore, the disclosing party may designate as "Attorneys' Eyes Only" (hereinafter "Attorneys' Eyes Only") information believed in good faith to contain or constitute any of the following types of non-public information:

    a. Strategic plans and internal and external analyses of pricing or sales performance of any party or any affiliate of a party; or

    b. Financial data, records, and reports, and tax returns of any party; or

    c. Line of Sponsorship compilations or lists, in whole or in part, except the identities of witnesses expected to testify or identities already known to the receiving party;

The parties agree that the following limitations shall be imposed on the disclosure of Confidential Material and/or Attorneys' Eyes Only Information.

B. Confidential Material and/or Attorneys' Eyes Only Information received by any person or party entitled under the terms of this Order to access such Confidential Material and/or Attorneys' Eyes Only Information shall not be disclosed and shall not be used for any purpose other than prosecution or defense of this action; provided further that specified categories of Confidential Material and/or Attorneys' Eyes Only Information may be used in the following related arbitration or litigation proceedings provided that a confidentiality order substantially similar to this one applies:

- *Quixtar v. Woodward et al.*, JAMS No. 1100052219.

- *Quixtar v Orrin Woodward et al.*, No. 07-084313-CK (Kent County, Michigan State Court).

In the event any information subject to this Order is included with, or the contents thereof; are in any way disclosed in any pleading, motion, deposition, transcript, or other paper filed with a court of law, such Confidential Material and/or Attorneys' Eyes Only Information shall be filed under seal in accordance with the local rules of the court.

C. Nothing contained in this Order shall be construed to affect or govern the scope of discovery and/or the admissibility of evidence in this action, or to preclude any party from moving the Court for a further order defining the scope of discovery available in the action and/or the admissibility of evidence in this action.

D. Nothing contained in this Order shall be construed to require production or disclosure of any Confidential Material and/or Attorneys' Eyes Only Information deemed by counsel for the party possessing such material to be protected from disclosure by either the attorney-client or the attorney-work product privileges, so long as the withheld materials are adequately identified and described by the party asserting the privilege(s).

E. The inadvertent production of privileged or work product documents will not waive the privilege or work product protection. Upon notice by the disclosing party and upon a showing of privilege, together with a showing of inadvertent production, the non-producing party shall immediately return the originals and all copies of the privileged documents or things, unless the non-producing party disputes the producing party's showing of privilege or inadvertent production. If the non-producing party disputes the producing party's showing, the non-producing party may retain one copy of the documents or things,

pending hearing. Within 10 days after receipt of the producing party's notice, the non-producing party that disputes the showing of privilege must file a motion with the Court to compel production of the documents or things. The producing party shall have the burden of showing privilege and inadvertence. From receipt of the producing party's notice, and until the Court resolves any such motion, the non producing party shall maintain the documents or things in a manner that they are available only to counsel, and to the exclusion of the parties.

## II. TERMS OF PROHIBITION:

F. Confidential Material shall be revealed only to (1) the Court; (2) officers, directors, and employees of a party in this litigation; (3) counsel for the parties in this action and designated in house counsel who have signed this Order;[1] (4) such counsel's paralegal, secretarial and clerical staff (including shorthand reporters) assisting such counsel, and computer technicians, (5) testifying experts or non-testifying consultants who are retained by such counsel to assist in this arbitration; (6) employees of CNA Insurance and/or other representatives of CNA Insurance who have been designated as the outside firm to review billing and work product of assigned counsel; and (7) any witness who testifies in a deposition or at the hearing; provided that the witness may only see Confidential Material directly pertinent to the witness' testimony. However, absent written agreement from the party producing the Confidential Material or order from the Court, no party receiving Confidential Material from another party may disclose the Confidential Material to any

---

[1] The Confidential Material or Attorneys' Eyes Only Information shall not be disclosed to or discussed with any Shughart Thompson lawyer or employee who is working on the *Nitro Distributing et al. v. Alticor et al.* federal lawsuit, the related state court lawsuits, or the arbitrations and lawsuits involving Ken Stewart, Brig and Lita Hart or their Quixtar distributorships (collectively "the Nitro litigation").

expert witness or consultant who is employed by, or affiliated with, a competitor of the producing party, including (for purposes of this protective order only) any other direct sales program using a multilevel or "network" marketing structure or any other enterprise that markets, through independent distributors, products or services functionally interchangeable with those offered or marketed by Quixtar or TEAM, unless the party seeking to disclose gives the owner of the Confidential Material ten days' written notice identifying the Confidential Material to be disclosed and a general description of the competitor by which the expert witness is employed or affiliated. "Affiliated" means that the expert witness has substantial ongoing managerial responsibilities for the competitor, or direct or indirect control of the competitor. A competitor's outside accounting firms and auditors, law firms, construction general contractors, etc. are not "affiliated" within the meaning of this paragraph.

G. A document designated as Attorneys' Eyes Only Information and stamped "Attorneys' Eyes Only" and the information contained therein shall be revealed only to (1) the Court; (2) counsel representing the parties in this action and designated in house counsel who have signed this Order; (3) such counsel's paralegal, secretarial and clerical staff (including shorthand reporters) assisting such counsel and computer technicians; (4) employees of CNA Insurance and/or other representatives of CNA Insurance who have been designated as the outside firm to review billing and work product of assigned counsel; (5) expert witnesses and non-testifying consultants who are retained by such counsel (and excluding any expert witness or consultant who is employed by, or affiliated with, a competitor of the producing party); and (6) a witness who testifies in a deposition or at the

hearing, provided that the witness may only see "Attorneys' Eyes Only" information directly pertinent to the witness' testimony, and may not make any copies or notes. "Competitor" and "Affiliated" mean the same as they do in Paragraph G above. A party may challenge an "Attorneys' Eyes Only" designation, and if the designating party does not withdraw the designation within 3 days, the parties will seek a ruling from the Court at the Court's earliest convenience. The prevailing party in such a challenge shall be entitled to attorneys' fees to the extent the Court believes such fee-shifting is appropriate in the particular situation. If the Court sustains the challenge, the document or information will not be treated as "Attorneys' Eyes Only".

  H. With the exception of: (1) the Court; (2) counsel representing the parties in this action and designated in house counsel; and/or (4) paralegals or secretarial employees under the direct supervision of such counsel, each person who reviews or inspects Confidential Material and/or Attorneys' Eyes Only Information shall sign a copy of the attached Affidavit . Each person's signature shall be notarized by an officer authorized to administer oaths. No person entitled to access to Confidential Material and/or Attorneys' Eyes Only Information shall disclose or discuss the existence or contents of any such materials with any other individual, or entity, except those individuals who are also permitted by this Order to view, inspect, or receive the Confidential Material and/or Attorneys' Eyes Only Information.

  I. Counsel for the parties shall maintain a list of all persons (with the exception of: (1) the Court; (2) counsel representing the parties in this action and designated in house counsel who have signed this Order; and (3) paralegals or secretarial employees under the

direct supervision of such counsel) who inspect or review Confidential Material or who receive any copies or any version of Confidential Material and will make such a list available to counsel for the other parties within thirty (30) days of the conclusion of this action or any post-action proceeding in a court of law, if any. The parties and their counsel shall also certify to the Court their compliance with this Order at the conclusion of this action.

J.  If Confidential Material and/or Attorneys' Eyes Only Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, any party becoming aware of such disclosure shall immediately inform the party which originally produced the Confidential Material and/or Attorneys' Eyes Only Information of all pertinent facts relating to the unauthorized disclosure and shall instruct each unauthorized person to treat such information as confidential in accordance with the terms of the Order and demand that it be returned immediately.

K.  If a party receives a subpoena or other legal process which calls for disclosure of any materials designated as Confidential Material and/or Attorneys' Eyes Only Information by another party, or for disclosure of any information contained in such Confidential Material and/or Attorneys' Eyes Only Information, the party receiving the subpoena shall give prompt written notice, by fax and first-class mail, of such subpoena or other legal process to counsel for the party who designated the Confidential Material and/or Attorneys' Eyes Only Information in question, and shall cooperate in any reasonable and legally appropriate efforts to oppose or otherwise limit production or disclosure of such Confidential Material and/or Attorneys' Eyes Only Information in response to the subpoena

or legal process.

## III. RETURN OF DOCUMENTS AND INFORMATION:

L.  At the conclusion of this action, or, if Confidential Material or Attorneys' Eyes Only Information is being used in a related arbitration or litigation (as provided in paragraph B) at the conclusion of that other arbitration or litigation, all documents and materials subject to this Order, (including all copies, abstracts, summaries thereof; and all documents which refer to, recount, or depict Confidential Material and/or Attorneys' Eyes Only Information), shall be destroyed or returned to counsel for the producing party within thirty (30) days, accompanied by an affidavit with an affirmation certifying that all material has been destroyed or returned and protected in accordance with this Order.

## IV. APPLICATION TO THE COURT FOR FURTHER RELIEF:

M.  Nothing herein shall be construed to preclude or limit any party from opposing any discovery on any grounds which would otherwise be available. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.

## V. ADMISSION INTO EVIDENCE:

N.  The terms of this Order shall not be construed as a limitation upon the right of any party to offer into evidence in this action any documents or information covered by this Order. Production of the documents or information accompanied by this Order does not constitute a waiver to objection to admissibility.

///

## VI. MODIFICATION

O.  This Protective Order may not be modified except in writing signed by all parties and approved by the Court.

**IT IS SO ORDERED.**

DATED this 17th day of July, 2009

*[signature]*

_____
Hon. Robert A. McQuaid, Jr.
Magistrate Judge, District of Nevada

Page 10 of 10