Kirk B. Lenhard, Nevada Bar No. 1437
John P. Desmond, Nevada Bar No. 5618
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300/Facsimile: (702) 737-7705
Email: kbl@jonesvargas.com, jpd@jonesvargas.com

Sharon M. Woods (P22542) (Admitted *Pro Hac Vice*)
Morley Witus (P30895) (Admitted *Pro Hac Vice*)
Daniel J. LaCombe (P38602) (Admitted *Pro Hac Vice*)
BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
Telephone: (313) 965-9725/Facsimile: (313) 965-2493
E-Mail: swoods@bsdd.com, mwitus@bsdd.com
and dlacombe@bsdd.com

William A. Sankbeil (P19882) (Admitted *Pro Hac Vice*)
KERR RUSSELL & WEBER PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200/Facsimile: (313) 961-0388
Email: was@krwlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

QUIXTAR, INC.,                          )      CASE NO. 3:07-cv-00505
          Plaintiff,                    )
                                        )      Hon. Edward C. Reed, Jr.
     v.                                 )      Magistrate Judge Robert A. McQuaid, Jr.
                                        )
SIGNATURE MANAGEMENT             )      **MEMORANDUM OF POINTS AND**
TEAM, LLC, d/b/a TEAM, and SKY          )      **AUTHORITIES IN SUPPORT OF**
SCOPE TEAM, INC.,                )      **DEFENDANT SKY SCOPE TEAM, INC.'S**
          Defendants.                   )      **MOTION FOR SUMMARY JUDGMENT**
                                        )
                                        )

**REDACTED**

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

**INTRODUCTION**

Defendant Sky Scope Team, Inc. ("Sky Scope") is the sole member of Defendant, Signature Management Team, LLC ("Team"). Quixtar added Sky Scope as a defendant, a year after this suit began, merely because Sky Scope was an owner of Team. Quixtar admitted it was not aware of any facts evidencing that Sky Scope or its pre-merger constituent corporations wronged Quixtar. Rather, Quixtar relies upon conclusory allegations that certain persons wronged Quixtar and they were acting as "agents" of Sky Scope. There is no evidence of any agency relationships and no evidence that any individuals were acting on behalf of Sky Scope when they allegedly wronged Quixtar. Accordingly, all claims against Sky Scope ought to be dismissed with prejudice.

**STATEMENT OF FACTS**

Team is a Nevada limited liability company founded by Orrin Woodward and Chris Brady. (Sky Scope's Statement of Undisputed Material Facts, "Undis. Mat. Facts", ¶ 2; Ex. 2, ¶ 3; Ex. 3; Ex. 4, p.74.) Team was authorized by Quixtar to provide instructional and motivational materials and events to Quixtar IBOs. (Ex. 2, ¶¶ 4–5.) Team was formed in November 2003, with six members, including Sky Scope, all of which were Nevada corporations. (Undis. Mat. Facts, ¶ 2; Ex. 2, ¶ 6; Ex. 4, pp. 48–49.) In February 2008, all six corporations were merged into one. (Undis. Mat. Facts, ¶ 2; Ex. 2, ¶ 6; Ex. 4, pp. 48–49; Ex. 5.) The surviving corporation is Sky Scope, which is now the sole member of Team.[1] (Undis. Mat. Facts, ¶ 2; Ex. 2, ¶ 6; Ex. 5.)

Sky Scope has never provided any services nor sold any products. (Undis. Mat. Facts, ¶ 3; Ex. 1, pp. 13, 153; Ex. 2, ¶ 9.) Its sole purpose is to own Team. (Undis. Mat. Facts, ¶ 3; Ex. 1,

---

[1] Throughout this Memorandum, "Sky Scope" refers to all of the corporations who were members of Team prior to the merger with Sky Scope ("constituent corporations") and Sky Scope as it exists today as the sole member of Team post-merger.

2

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  pp. 12-13; Ex. 2, ¶ 9.)  It has never owned anything other than Team and its operations are

2  negligible—nothing more than paying taxes. (Undis. Mat. Facts, ¶¶ 3–5; Ex. 1, pp. 17, 79; Ex. 2, ¶¶

3  6, 9.)   Unlike Team that started as an approved motivational and training organization for

4  independent business owners ("IBOs"), Sky Scope had *no* business relationship whatsoever with

5  Quixtar. (Undis. Mat. Facts, ¶¶ 6–7; Ex. 2, ¶¶ 4–5, 7.) The owner of Sky Scope since February of

6  2008 is Orrin Woodward, who used to be a Quixtar IBO. (Undis. Mat. Facts, ¶ 6; Ex. 4, pp. 48–50.)

7       All of the allegations that Quixtar brought against Sky Scope are based upon Quixtar's

8  relationships with Team and Team's founders, Orrin Woodward and Chris Brady. (Dkt. 203, ¶¶

9  41–75.)  Woodward and Brady helped Quixtar thrive and their Team organization brought many

10  IBOs to Quixtar.  However, the IBOs increasingly could not make a living or sell the Quixtar

11  products, and Woodward, Brady, and others urged reforms to cure these problems.   After

12  unsuccessfully attempting to change Quixtar's business practices, Mr. Woodward, Mr. Brady, and

13  other Team-affiliated IBOs in August of 2007 attempted to amicably separate from Quixtar.  Quixtar

14  immediately terminated its relationship with Mr. Woodward, Mr. Brady, and all other IBOs who

15  refused to cut ties with Team.  Quixtar also terminated its approval of Team training/motivational

16  materials. (Ex. 2, ¶ 5; Ex. 4, pp. 307–09.) At the same time, Quixtar's General Manager, Jim Payne,

17  was telling others that ████████████████████████████████████████████ .

18  (QAW283316-7.) Quixtar commenced a JAMS arbitration proceeding against Woodward, Brady,

19  and several other former IBOs affiliated with Team, alleging (among other things) trade secret

20  misappropriation, and tortious interference with contract and business relations.

21       A month later, Quixtar filed this suit claiming that Team conspired with the JAMS

22  respondents to commit the same tortious acts (Quixtar added a Lanham Act claim to obtain federal

23

24

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

3

REDACTED

1  jurisdiction): misappropriation of trade secrets; tortious interference with contract; and tortious

2  interference with advantageous business relations. (*See* Dkt. 1.)

3       In August 2008, almost a year later, Quixtar filed its First Amended Complaint adding the

4  corporate members of Team, including Sky Scope, broadly alleging a civil conspiracy of the

5  constituent corporations, Sky Scope, and Team. (Dkt. 203.) On April 8, 2009, the Court dismissed

6  the five constituent corporations because they are now merged with Sky Scope and all six are

7  considered the same entity—Sky Scope. (Dkt. 409.)

8       Nothing changed in the year after Quixtar filed suit against Team and before Quixtar added

9  Sky Scope. The allegations of wrongful acts in Quixtar's First Amended Complaint were the same

10 as those in its Complaint. No specific allegation was added regarding acts done by Sky Scope.

11 Rather, Quixtar relied upon the same allegations from its original complaint, and additionally stated

12 that Sky Scope was part of a "conspiracy." (Dkt. 203, Count 5.)

13 **ARGUMENT**

14      There is no evidence that Sky Scope did anything to Quixtar, let alone conspire to harm

15 Quixtar. (Undis. Mat. Facts, ¶ 8.)   Nor is there evidence that anyone acting on behalf of Sky

16 Scope wronged Quixtar. (Undis. Mat. Facts, ¶ 10.)   Therefore, all claims against Sky Scope

17 ought to be dismissed with prejudice because there is no genuine issue of material fact that Quixtar

18 has no support for any of its claims against Sky Scope.

19 **I.**    **Summary Judgment Standard**

20      In deciding this summary judgment motion pursuant to Rule 56, this Court must grant Sky

21 Scope's motion unless, after reviewing the evidence in the light most favorable to Quixtar, it

22 determines that there is enough evidence for a "reasonable trier of fact" to find for Quixtar. *Corales*

23

24

4

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1   *v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). Now is the time for Quixtar to "put up or shut up."

2   *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Quixtar must present significant

3   affirmative evidence showing that a trier of fact could find in its favor, and "bald assertions or a mere

4   scintilla of evidence in [its] favor are both insufficient to withstand summary judgment." *F.T.C. v.*

5   *Stefanchik*, 559 F.3d 924, 929, n.9, n.10 (9th Cir. 2009).

6   **II.     Sky Scope Cannot be Held Liable for the Acts of Team**

7          Sky Scope was founded for the sole purpose of owning Team. Sky Scope has never provided

8   any services nor made any products. (Undis. Mat. Facts, ¶ 3.) Sky Scope has never owned anything

9   other than its interest in Team. *Id.* at ¶ 4. Sky Scope has no business relationship with Quixtar: It

10  has never purchased anything from Quixtar nor performed any services for Quixtar and Quixtar has

11  sold nothing to Sky Scope nor performed any services for Sky Scope. (*Id.* at ¶¶ 6–7.) Sky Scope

12  has no employees and it has never paid any of its officers or directors a salary. (*Id.* at ¶ 14.) In other

13  words, all that Sky Scope has ever done is own an interest in Team.

14         While Sky Scope is the sole member of Team, membership in an LLC does not make the

15  member liable for wrongs allegedly done by the LLC:

16         Unless otherwise provided in the articles of organization or an agreement signed by
           the member or manager to be charged, **no member or manager of any**
17         **limited-liability company formed under the laws of this State is individually**
           **liable for the debts or liabilities of the company.**
18

19  N.R.S. 86.371 (emphasis supplied). Sky Scope cannot be held vicariously liable for the acts of Team.

20  Quixtar admitted that Sky Scope and its constituent corporations cannot, as members, be held liable

21  for acts of Team. (Undis. Mat. Facts, ¶ 9; Ex. 8, p. 56 ["The first issue is Team claimed that as

22  members of Team, LLC, these six Nevada corporations cannot be liable for Team's conduct. We

23                                          5

24

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1   agree with that."].)  Therefore, any claims against Sky Scope based solely upon acts of Team must

2   be dismissed.

3   **III.    There is No Evidence That Anyone Acting on Sky Scope's Behalf Wronged
            Quixtar**

4

5        In its First Amended Complaint, Quixtar has just a couple allegations—very general and

6   tentative (upon "information and belief")—in support of its assertion that Sky Scope is liable.  First,

7   Quixtar alleges, in a conclusory fashion, that Woodward, Brady and others were somehow "agents"

8   of Sky Skope:

9            Quixtar is informed and believes that, during the relevant time, Woodward, Brady,
            members of TEAM's Policy Council, or individuals working on their behalf were

10           officers and/or agents of Team, Apollo, Green Gemini, North Star, Northern Lights,
            Sunset Resources, and Sky Scope.

11   (Dkt. 203, ¶ 15; emphasis supplied).  Second, Quixtar alleges that some of the people listed above

12   or other unidentified persons acted on Sky Scope's behalf:

13           Woodward, Brady, and TEAM's Policy Council members, or persons operating under
            their direction, acted on TEAM's and the other Defendants' behalf, and/or Team and

14           the other Defendants ratified their conduct.

15   (*Id.* at ¶ 41; emphasis supplied).  No act of Sky Scope is specifically pled.  And there is no evidence

16   supporting the vague, general allegations trying to attribute alleged wrongdoing to Sky Scope.

17        Sky Scope is a corporation, but a corporation can only act through its directors, officers, and

18   agents.  N.R.S. 78.115; N.R.S. 78.120; N.R.S. 130.  There is no evidence that any director, officer,

19   or shareholder of Sky Scope (or its constituent corporations) did anything on its behalf, and the

20   evidence shows it did not have any employees.  The only evidence in the record is that people did

21   nothing on behalf of Sky Scope: it had no employees, paid no dividends, and its operations were

22   limited to paying taxes.  (Undis. Mat. Facts, ¶¶ 3–5, 8, 10, 12–14.)

23

24

6

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1   Quixtar's only remaining theory of liability against Sky Scope is that its "agents" committed

2   tortious acts against Quixtar and therefore Sky Scope must also be liable. (Dkt. 203, ¶¶ 15, 18, 41.)

3   At its 30(b)(6) deposition, Quixtar identified the only individuals it believes wronged it:   Orrin

4   Woodward and Chris Brady.   Yet, as discussed *infra*, there is no evidence that Mr. Woodward,

5   Mr. Brady, nor anyone else, is an agent of Sky Scope, nor is there evidence that any of the allegedly

6   wrongful conduct committed by agents of Sky Scope was committed within the scope of that alleged

7   agency relationship.

8   **A.   There is No Evidence That Sky Scope Had Agents**

9   Quixtar has the burden of establishing the existence of an agency relationship.   *George v.*

10  *Morton*, Case No. 2:06-cv-1112, 2007 WL 4631263, *11 (D. Nev. Dec. 17, 2007) (Ex. 15), *citing*

11  *Trump v. Eighth Judicial Dist. Court of State of Nev. In & For County of Clark*, 857 P.2d 740, 745

12  n.3 (Nev. 1993)).   To do so, Quixtar must establish that Sky Scope **controlled** the manner of its

13  alleged agents' performance.   *Grand Hotel Gift Shop v. Granite State Ins. Co.*, 839 P.2d 599, 602

14  (Nev. 1992) ("An agency relationship is formed when one who hires another retains a contractual

15  right to *control the other's manner of performance*"; emphasis supplied); *Hunter Mining*

16  *Laboratories, Inc. v. Management Assistance, Inc.*, 763 P.2d 350, 352 (Nev. 1988) ("In an agency

17  relationship, the principal possesses the right to *control* the agent's conduct"; emphasis supplied).

18  There is absolutely no evidence that Sky Scope controlled the manner of performance of these

19  alleged agents.  In fact, Quixtar's corporate representative testified ████████████████

20  ████████████████████████████████████ (Ex. 7, pp. 176–77.)   Therefore,

21  Mr. Woodward and Mr. Brady cannot be Sky Scope's agents.

22  Likewise, Sky Scope's witness testified that Team was not an agent of Sky Scope.

23                                7

24                                                    **REDACTED**

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

Q:   [Mr. Smith] My, my question is:  Is it accurate to say that Signature Management Team was directed, that is was an agent of Sky Scope?

. . .

A:   [Mr. Hallstrand] As an agent of?  My answer would be no.  I mean, had an owner—you know, Sky Scope has had different ownership interests in SMT, I would say at one point a minority interest, currently more than that, but is there any type of agent relationship where we act on, you know, that SMT [Team] acts on behalf of Sky Scope with direction from Sky Scope or vice versa?  Sky Scope strictly has a, an ownership in SMT and that's kind of where the—regardless of how a boilerplate, you know, operating agreement may read, you know, there's no—**there's no direction or no agent relationship between the two.**

(Ex. 1, pp. 83–84; emphasis supplied; Undis. Mat. Facts. ¶ 11.)  And Team's witness testified that Sky Scope did not manage or oversee Team:

Q:   [Mr. Cleland] **What was the role of those six Nevada C corporations in managing or overseeing Team's business?**

A:   [Mr. Hallstrand] **They didn't have a role.**

Q:   There was no role?

A:   No.

(Ex. 4, p. 70; emphasis supplied; Undis. Mat. Facts, ¶ 11.)  Finally, Team's CEO testified that he did not even report to Sky Scope's owners or officers.  (Undis. Mat. Facts, ¶ 12; Ex. 13, p. 40. )  Team was not an agent of Sky Scope.

Since Sky Scope's only purpose and function was owning Team, it had no employees of its own. (Undis. Mat. Facts, ¶ 14.)  Sky Scope did not compensate its officers or shareholders. (*Id.* at ¶¶ 5, 14.)  There is no evidence that Sky Scope actually controlled the conduct of its officers or

8

1 shareholders, nor that those officers or shareholders assented to their control by Sky Scope.[2] Indeed,

2 there is no evidence of the scope of control of Sky Scope over anyone. Quixtar therefore has no

3 evidence of any "agents" working for Sky Scope.

4 **B.** **There is No Evidence That Any Acts of Sky Scope's Alleged Agents Were Done Within the Scope of the Alleged Agents' Responsibilities**

5

6 Even if Quixtar could establish that someone somehow indirectly related to Sky Scope

7 committed torts against Quixtar, there is no evidence that the alleged agent was acting within the

8 scope of his agency relationship with Sky Scope when the torts were committed. A corporation is

9 not liable for the torts committed by its agent outside the scope of his agency or, in other words, done

"within an independent course of conduct not intended by the [agent] to serve any purpose of the

10 [principal]". Restatement 3d Agency, § 7.07; *Grand Hotel*, 839 P.2d at 602 (when acting on its own

11 initiative, outside of the agency relationship, the agent does not bind principal); *Washington Gas

12 Light Co. v. Lansden*, 172 U.S. 534, 544 (1899) (corporation not liable for acts of general manager

13 who sent libelous material regarding corporate business because such acts were outside of the scope

14 of his employment); 19 C.J.S. Corporations § 782 (a corporation is not liable for its agent's tort if

15 the tort is beyond the scope of the agent's authority). Quixtar is required to establish that the alleged

16 agent was acting on behalf of Sky Scope or within the scope of its duties for Sky Scope. *George*,

17 2007 WL 4631263, *11, *citing Trump*, 857 P.2d at 745 n.3.

18 Thus, it is not enough to prove that someone is somehow associated with a corporation: To

19 show an agency relationship, there must be proof that the person agreed to act on behalf of the

20 corporation and under its control. "Agency is the fiduciary relationship that arises when one person

21

22 [2] Since officers and shareholders normally control the corporation, such control over them *by* the corporation is incongruous.

23

24

9

1  (a "principal") manifests assent to another person (an "agent") that the agent shall act on the

2  principal's behalf and subject to the principal's control and the agent manifests assent or otherwise

3  consents to so act." Restatement 3d Agency § 1.01. There is no proof of: (a) a manifestation by the

4  alleged principal, Sky Scope, that the agent, Mr. Woodward or Mr. Brady, may act on behalf of Sky

5  Scope; nor (b) consent by Mr. Woodward or Mr. Brady to act on behalf of Sky Scope.  There is

6  certainly no proof that Sky Scope authorized Mr. Woodward or Mr. Brady to perform any *tortious*

7  act on behalf of Sky Scope.

8      To see the utter nonsense which underlies Quixtar's conclusory allegations that

9  Mr. Woodward and Mr. Brady were "agents", the Court need only ask Quixtar to specifically provide

10 the following basic information in support of its theories:

1)  *Who*, on behalf of Sky Scope, manifested its assent that Mr. Woodward and Mr. Brady would act on its behalf?

2)  *When* was that assent given?

3)  *Where* did manifestation occur?

4)  *How* did Sky Scope manifest its assent?

5)  *What* acts or course of conduct were authorized by Sky Scope?

16 There is simply no evidence that anyone acting on behalf of Sky Scope assented to have

17 Mr. Woodward or Mr. Brady do anything.

18     When Quixtar testified regarding the basis of its allegations against Sky Scope, it simply stated

19                                                                (Ex. 7, pp. 180–83.)

10

**REDACTED**



Jones Vargas
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

11

**REDACTED**

1

A: 

2

3    * * *

4    Q:

5

6

7    A:

*(Id.* at pp. 180–83; emphasis supplied.)   There are two problems with Quixtar's theory of Sky

8    Scope's liability.  First, if Mr. Woodward and Mr. Brady controlled Sky Scope, Sky Scope was the

9    agent—not the other way around.  Second, under Quixtar's theory, all corporations would be liable

10   for the intentional torts their alleged agents commit in their personal lives, no matter the

11   circumstances.  Quixtar would hold a corporation liable if its employee or officer assaulted a random

12   stranger on a beach while on vacation.  Clearly, that is not the law.

13        An agent's actions only bind a corporation if done within the scope of their duties—not when

14   the act was done for the agent's personal reasons.  Restatement 3d Agency § 7.07.  Quixtar cannot

15   establish that any of the alleged wrongful conduct was done by a Sky Scope agent within the scope

16   of their duties, authorized by Sky Scope.  As such, all claims against Sky Scope ought to be

17   dismissed.

18

19

20

21

22

23                                          12

24

**REDACTED**

## IV.    There Is No Evidence That Sky Scope Did Anything to Wrong Quixtar

Finally, in the First Amended Complaint, Quixtar makes nebulous, conclusory allegations that Sky Scope itself wronged Quixtar.  There are no specific facts alleged in the First Amended Complaint indicating that Sky Scope did anything to harm Quixtar, nor does it indicate the manner in which Sky Scope allegedly harmed Quixtar.  Quixtar made binding admissions, through its Fed. R. Civ. P. 30(b)(6) witness, that ███████████████████████████████████

Q:

A:

Q:

A:

Q:

A:

Q:

A:

Q:

A:

Q:

A:

(Ex. 7, pp. 109–10; emphasis supplied; Undis. Mat. Facts, ¶ 8; *see also* Ex. 7, pp. 110–14.)

13

**REDACTED**

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    The only evidence in the record regarding Sky Scope indicates that Sky Scope does not do

2  much of anything. (Undis. Mat. Facts, ¶¶ 3–5.)  The purpose of Sky Scope is to own Team.   (*Id.*

3  at ¶ 1.)  There is no other, and has never been any, subsidiary purposes or business activities for Sky

4  Scope. (*Id.* at ¶ 3.)  Sky Scope never owned anything other than Team. (*Id.* at ¶ 4.)  Sky Scope has

5  no employees and its operations are "negligible". (*Id.* at ¶¶ 3, 14.)  It provides no services. (*Id.* at

6  ¶ 3.)  It makes no products and does not sell anything.  *Id.*  In fact, Sky Scope barely incurs any costs

7  outside of taxes. (*Id.* at ¶ 5.)  It did not even issue dividends to shareholders. (*Id.*)  Since there is

8  no evidence indicating that Sky Scope did anything against Quixtar, all of Quixtar's claims ought to

9  be dismissed against Sky Scope with prejudice.

### CONCLUSION

11    For the reasons stated above, this Court should grant defendant Sky Scope's motion for

12  summary judgment and dismiss all of Quixtar's claims against it with prejudice.

13

14                               Respectfully submitted,

                                 JONES VARGAS

16                               By:  /s/ John P. Desmond
                                     Kirk B. Lenhard, Nevada Bar No. 1437
17                                   John P. Desmond, Nevada Bar No. 5618
                                     3773 Howard Hughes Parkway, Third Floor South
18                                   Las Vegas, Nevada 89169
                                     Telephone:  (702) 862-3300
19                                   Facsimile:  (702) 737-7705
                                     Email:  kbl@jonesvargas.com, jpd@jonesvargas.com

20

21

22

23                                         14

24

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Sharon M. Woods (Admitted *Pro Hac Vice*)
Morley Witus (Admitted *Pro Hac Vice*)
Daniel J. LaCombe (Admitted *Pro Hac Vice*)
BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Telephone: (313) 965-9725
Facsimile: (313) 965-2493
Email: swoods@bsdd.com, mwitus@bsdd.com,
dlacombe@bsdd.com

William A. Sankbeil (P19882)
(Admitted *Pro Hac Vice*)
KERR RUSSELL & WEBER PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
Email: was@krwlaw.com

Dated: May 24, 2010                    Attorneys for Defendants

384856.6

15

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

## Exhibit List

1.  Transcripts of Fed. R. Civ. Proc. 30(b)(6) Deposition of Sky Scope Team, Inc. through Rob Hallstrand (March 26, 2009)

2.  Declaration of Robert Hallstrand (February 2, 2010)

3.  Charter and Articles of Organization for Signature Management Team, LLC (November 2003)

4.  Excerpt of Transcript of Fed. R. Civ. Proc. 30(b)(6) Deposition of Signature Management Team, LLC through Rob Hallstrand (August 21, 2008)

5.  Articles of Merger (February 13, 2008)

6.  Excerpt of Transcript of Deposition of Joseph McGuire (March 20, 2009)

7.  Excerpt of Transcript of Fed. R. Cir. Proc. 30(b)(6) Deposition of Quixtar, Inc. through Todd Krause (August 12, 2008) **(FILED UNDER SEAL)**

8.  Excerpt of Transcript of Motion Hearing (August 18, 2008)

9.  Excerpt of Transcript of Deposition of John Morgan (February 6, 2009)

10. Excerpt of Transcript of Deposition of Kevin Thompson (November 14, 2008)

11. Excerpt of Transcript of Deposition of Jeffrey Granger (January 9, 2009)

12. Excerpt of Transcript of Deposition of Donald Freeze (October 8, 2008)

13. Excerpt of Transcript of Deposition of Robert Dickie, III (October 14, 2008)

14. Excerpt of Transcript of Deposition of George Guzzardo (December 30, 2008)

15. *George v. Norton*, Case No. 2:06-cv-112, 2007 WL 4631263 (D. Nev. Dec. 17, 2007)

1

## CERTIFICATE OF SERVICE

2    I certify that I am an employee of JONES VARGAS, and that on this date, pursuant to FRCP

3  5(b), I am serving a true copy of the attached **Defendant Sky Scope Team, Inc.'s Motion for**

4  **Summary Judgment; Statement of Undisputed Material Facts in Support of Defendant Sky**

5  **Scope Team, Inc.'s Motion for Summary Judgment; REDACTED Memorandum in Support**

6  **of Defendant Sky Scope Team, Inc.'s Motion for Summary Judgment; Exhibit List; Exhibits**

7  **1-6, and 8-15**; and this **Certificate of Service** by Notice of Electronic Filing via the CM/ECF system

8  as maintained by the Court Clerk's Office on the party(s) set forth below:

9  Evan Beavers beaverslaw@charterinternet.com
John J. Frankovich jfrankovich@mcdonaldcarano.com, khenley@mcdonaldcarano.com
10  Miranda M. Du mdu@mcdonaldcarano.com, kryd@mcdonaldcarano.com
James M. Schurz jschurz@mofo.com, cvestesi@mofo.com, lsangalang@mofo.com
11  Sharon M. Woods swoods@bsdd.com, mtortomose@bsdd.com
Cedric C. Chao cchao@mofo.com
12  William L. Stern wstern@mofo.com
Andrea B. Hasegawa ahasegawa@mofo.com
13  Morley Witus mwitus@bsdd.com, smcfadden@bsdd.com
Wm. Charles Bundren cbundren@aol.com
14  Edward J. Bardelli ebardelli@wnj.com
Brian Masternak bmasternak@wnj.com
15  James R. Sobieraj jrs@brinkshofer.com, federalcourts@brinkshofer.com
Dominic P. Zanfardino dzanfardino@usebrinks.com
16  James K. Cleland jcleland@usebrinks.com
Bradley L. Smith bsmith@usebrinks.com, bshaw@usebrinks.com, kwatson@usebrinks.com
17  Michael Y. McCormick mmccormick@mhn-law.com, aspaeth@mhn-law.com, bzepeda@mhn-law.com
18  William A. Sankbeil was@krwlaw.com, cjv@krwlaw.com, cmh@krwlaw.com
Joanne Geha Swanson jgs@krwlaw.com, cjv@krwlaw.com
19  Ricardo J. Lara rjl@krwlaw.com
Daniel J. LaCombe dlacombe@bsdd.com, pdarnell@bsdd.com
20  Robert G. Pluta rpluta@brinkshofer.com
Ronald T. Hancock rhancock@mhn-law.com
21  Anthony E. Spaeth aspaeth@mhn-law.com
Daniel J.M. Schouman dschouman@gmail.com, annalabellarte@ryanandschouman.com
22  Somnath Raj Chatterjee schatterjee@mofo.com

23
Page 1 of 2
24

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1 | Subpoena Respondents beaverslaw@charterinternet.com

2 |     DATED this 24th day of May, 2010.

3 |                                 /s/ Cindy S. Grinstead

                              An employee of JONES VARGAS

JONES VARGAS
100 West Liberty Street, Twelfth Floor – P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

Page 2 of 2